DAN SIEGEL, SBN 56400
KEVIN BRUNNER, SBN 271510
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
SUZANNE MONTES

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE MONTES, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | Civil Rights |
| CITY AND COUNTY OF SAN FRANCISCO, JOANNE HAYES-WHITE, | Demand for Jury Trial |
| Defendants. | |

Plaintiff SUZANNE MONTES complains against Defendants CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE as follows:

## PRELIMINARY STATEMENT

1. This case involves the constant and extreme harassment of Suzanne Montes, a female firefighter with the San Francisco Fire Department (SFFD). Ms. Montes received a coveted assignment at Station 2 and became only the sixth female in the SFFD to serve on a fire truck. Many of her co-workers at Station 2 were opposed to a female being assigned to the position and started a campaign of harassment aimed at forcing Ms. Montes to leave the station. Ms. Montes was ostracized, constantly

degraded, and had feces spread in her bathroom. She crawled into her bed to sleep one night only to find that one of her co-workers had urinated in her bed.

2. Ms. Montes filed a formal complaint regarding the harassment on February 12, 2016. The SFFD took no remedial action until it concluded its protracted investigation of the matter on August 31, 2016. At that point the SFFD, despite sustaining most of the allegations Ms. Montes made, placed Ms. Montes on administrative leave, administered no discipline to anyone else involved, and required some employees to receive training eight months later.

## JURISDICTION AND VENUE

3. The Court's jurisdiction is invoked under 28 United States Code § 1331 because this case arises under the Constitution and laws of the United States, and under 28 United States Code § 1343 because this action is brought to recover damages under an Act of Congress providing for the protection of civil rights.

4. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 United States Code § 1367.

5. Venue is proper in the Northern District of California because the events or omissions giving rise to the action occurred in this District.

## PARTIES

6. At all times relevant hereto, plaintiff SUZANNE MONTES was a resident of California and an employee of the San Francisco Fire Department.

7. At all times relevant herein, defendant CITY AND COUNTY OF SAN FRANCISCO was a municipal corporation, duly organized and existing under its

charter and the laws of the State of California. Under its authority, defendant City and County of San Francisco operates the San Francisco Fire Department.

8. At all times relevant JOANNE HAYES-WHITE was the chief of the San Francisco Fire Department.

## STATEMENT OF FACTS

9. SUZANNE MONTES is a female firefighter who works for the San Francisco Fire Department (SFFD). Her most recent position is as a firefighter assigned to Station 2.

10. Ms. Montes began working for the SFFD in August 2013.

11. In the fall of 2015, after bidding for the position, Ms. Montes was given an assignment on Fire Truck 2 at Station 2. An assignment to a fire truck is a prestigious assignment.

12. Ms. Montes was only the sixth female firefighter to be assigned to a truck in the history of the SFFD and was the only female assigned to Station 2 at the time. Prior to her assignment at Station 2, firefighters at that station made multiple comments indicating that they did not want a female to take the truck assignment.

13. Prior to starting her assignment at Station 2, Ms. Montes was approached by a male firefighter, Jesse Snyder, in an overly aggressive manner. He lectured her stating, "Why would you put in for Station 2? Do you know how difficult your time is going to be?"

14. On January 16, 2016, Ms. Montes began her first shift at Station 2. On her first shift the other firefighters at Station 2 blatantly ignored her, and no one spoke to her. None of the officers on duty during this shift took any action to prevent this treatment of Ms. Montes.

15. For the first two months that Ms. Montes worked at Station 2 she continued to be ostracized by her male co-workers. Although one firefighter is assigned to cook meals, preparing the meals is always a communal effort with other firefighters working with the person assigned meal duty.

16. However, when Ms. Montes was assigned meal duty her co-workers took the unprecedented step of refusing to help her cook and leaving her to prepare meals by herself. Her male co-workers were never left to prepare meals by themselves. No officer on duty during these incidents took any action to end this unfair treatment.

17. Additionally, during January and February 2016, when it was her turn, Ms. Montes was forced to go shopping alone for food for the station. No male members of Station 2 had to go shopping by themselves, as it is tradition that the firefighter assigned to shop is accompanied by their co-workers. Despite being aware that Ms. Montes was left to shop alone, no officer on duty during these incidents took any action to correct this unfair treatment.

18. In January and February 2016, Ms. Montes constantly heard other firefighters in Station 2 openly and enthusiastically refer to her as a "bitch" in conversations with other male firefighters. Despite the open nature of these comments, no officer at Station 2 took any action to discipline those making the comments or to prevent their reoccurrence.

19. During January and February 2016, Ms. Montes' bed was repeatedly and intentionally disheveled, the covers and sheets rearranged, during each shift she worked. No other firefighter's bed at Station 2 was disturbed in the same fashion.

20. On January 20, 2016, Ms. Montes' skin lotion was emptied over the counter of the woman's bathroom, and all the toilet paper was deliberately removed

*Montes v. City and County of San Francisco*
Complaint for Damages- 4

from the stalls and from the cabinets where the extra rolls were normally stored.

21.    On January 23, 2016, Ms. Montes overheard an unidentified firefighter complaining about the fact that Ms. Montes had painted her helmet, as is tradition for firefighters assigned to trucks. The unidentified firefighter stated, "The bitch already painted her helmet."

22.    On January 30, 2016, Ms. Montes left a Redbox DVD in the truck. The DVD was stolen and never returned. Ms. Montes left a note on the bulletin board regarding the missing DVD, but the note was erased. No officer took any action to attempt to locate her missing property.

23.    On February 2, 2016, Ms. Montes' turnout boots were taken from her locker and hidden in the corner of the firehouse, leaving her without her proper equipment. The turnout boots of other male members of Station 2 were not hidden.

24.    On February 5, 2016, feces was spread on the toilet and floor of the women's bathroom. The probationary firefighter assigned to clean the bathroom that day was instructed not to clean up the mess. No officer at Station 2 took any action regarding this incident.

25.    Also on February 5, 2016, an unknown firefighter at Station 2 urinated in Ms. Montes' bed. Ms. Montes did not discover this fact until she lay down in her bed to sleep and realized that someone had urinated in her bed and on her pillow. No other beds in Station 2 were treated in such a manner in the entire time Ms. Montes was at Station 2.

26.    On February 6, 2016, Ms. Montes placed her name on the sign-up board to request to trade shifts with another firefighter. Ms. Montes' name was erased from the board.

*Montes v. City and County of San Francisco*
Complaint for Damages- 5

27. On February 12, 2016, Ms. Montes was informed that Firefighter Lee, another firefighter at station 2, had told other firefighters that someone should have been able to block Ms. Montes from taking an assignment at Station 2. No officer took any action regarding Lee's statement.

28. On February 12, 2016, Ms. Montes reported the increasing harassment to her commanding officer. The complaint was immediately forwarded up the chain of command to the office of the Chief of the Department, Joanne Hayes-White.

29. After Ms. Montes made her complaint she began to suffer retaliation. The SFFD opened an investigation into the treatment that Ms. Montes suffered. On February 16, 2016, Ms. Montes was interviewed by the City and County of San Francisco's EEO office.

30. The SFFD took no action to make Station 2 a safe and non-hostile work environment for Ms. Montes following her complaint.

31. Prior to April 2016, some of the firefighters at Station 2 were interviewed by the investigator about the harassment. In April 2016, the members of Station 2 were informed of the complaint that Ms. Montes had filed. The members of Station 2 became aware of the complaint when the investigator issued letters to all of the firefighters at Station 2 informing them of an investigation and requesting interviews.

32. In early April 2016, Ms. Montes overheard several firefighters, in reference to her complaint, refer to her as the "rat" on three separate occasions. Ms. Montes reported this to the SFFD and the investigator.

33. On April 15, 2016, Ms. Montes was unnecessarily berated by Lieutenant Dave Thompson during drills. Thompson singled Ms. Montes out for aggressive and hostile questioning without a valid reason. Thompson subjected her to much harsher

questioning than he did any of the male firefighters under his command.

34.     Additionally, on April 16, 2016, Thompson created a drill solely for Ms. Montes and berated her in a disrespectful manner throughout the drill. Ms. Montes reported Thompson's behavior to the investigator.

35.     On May 27, 2016, a firefighter drove by Ms. Montes as she rode in an SFFD vehicle with Battalion Chief (BC) Sam Romero and flipped the middle finger to Ms. Montes. Ms. Montes also reported this retaliation to the SFFD; however, no disciplinary action has been taken by the SFFD.

36.     During the course of the investigation, Ms. Montes repeatedly inquired with SFFD command staff as to when any of the individuals at Station 2 that she believed were involved in the harassment would be transferred out of the station, as she continued to suffer indignities and harassment and was severely emotionally distressed by her treatment.

37.     The SFFD responded that they could not transfer anyone. Ms. Montes explained that she was fearful that the firefighters who where targeting her for harassment would take action against her during a fire and she could be hurt. The SFFD's response was to place Ms. Montes on involuntary leave and remove her from Station 2 on August 4, 2016.

38.     On August 31, 2016, the City of San Francisco concluded its investigation and issued a report of its findings approximately six-and-a-half months after Ms. Montes made her initial complaint.

39.     The investigation concluded that most of the incidents Ms. Montes complained about "occurred, or likely occurred." The investigation sustained the majority of Ms. Montes' complaints and found that there was "sufficient evidence to

support harassment/hostile work environment due to sex" claims and that there was "sufficient evidence to support you were subjected to retaliatory comments."

40. Following the release of the report sustaining Ms. Montes' claims, the SFFD decided to take some remedial action. The SFFD transferred all the officers at Station 2 because the "underlying conduct could not possibly have been unknown or gone unnoticed by all officers and , thus there was a clear failure of leadership at Station 2."

41. Additionally, it was not until several months after the conclusion of the investigation that the SFFD required all members of Station 2 to undergo training regarding sexual harassment and discrimination.

42. Prior to the release of the report, the SFFD did not take a single action to alter the atmosphere at Station 2, to make sure the work environment was safe for Ms. Montes, or even to issue a statement to the firefighters at Station 2 that their behavior was unacceptable. Despite Ms. Montes' requests for action the SFFD took no action for approximately seven months.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. On October 24, 2016, Ms. Montes filed a complaint of discrimination, harassment, and retaliation with the California Department of Fair Employment and Housing and received a right to sue notice the same day. On October 25, 2016, Ms. Montes filed a complaint of discrimination, harassment, and retaliation with the United States Equal Employment Opportunity Commission. The Department of Justice issued a right to sue letter on February 22, 2017. Ms. Montes filed a claim with the City of San Francisco on November 10, 2016. That claim was denied by the City of San Francisco on January 23, 2017.

**FIRST CLAIM FOR RELIEF**
Sex Status Discrimination
(California Government Code § 12940)
(Against all defendants)

44. Ms. Montes refers to and incorporates by reference paragraphs 1-43 above as though fully set forth herein.

45. By virtue of the foregoing, defendants discriminated against Ms. Montes by subjecting her to harassment based on her sex and by failing to take appropriate remedial action.

**SECOND CLAIM FOR RELIEF**
Retaliation
(California Government Code § 12940)
(Against all defendants)

46. Ms. Montes refers to and incorporates by reference paragraphs 1-45 above as though fully set forth herein.

47. By virtue of the foregoing, defendants retaliated against Ms. Montes for complaining about discrimination and harassment, by subjecting her to harsh treatment, harassment, and by making obscene and derogatory comments and failing to take appropriate remedial action.

**THIRD CLAIM FOR RELIEF**
Sex Status Discrimination
(Violation of Title VII, 42 U.S.C. 2000e, *et seq.*)
(Against all defendants)

48. Ms. Montes refers to and incorporates by reference paragraphs 1-47 above as though fully set forth herein.

49. By virtue of the foregoing, defendants discriminated against Ms. Montes by subjecting her to harassment based on her sex and by failing to take appropriate remedial action.

**FOURTH CLAIM FOR RELIEF**
Retaliation
(Violation of Title VII, 42 U.S.C. 2000e, *et seq.*)
(Against all defendants)

50. Ms. Montes refers to and incorporates by reference paragraphs 1-49 above as though fully set forth herein.

51. By virtue of the foregoing, defendants retaliated against Ms. Montes for complaining about discrimination and harassment, by subjecting her to harsh treatment, harassment, and by making obscene and derogatory comments and failing to take appropriate remedial action.

**FIFTH CLAIM FOR RELIEF**
Failure to prevent discrimination
(California Government Code § 12940(k))
(Against all defendants)

52. Ms. Montes refers to and incorporates by reference paragraphs 1-51 above as though fully set forth herein.

53. By virtue of the foregoing, defendants failed to take reasonable steps to prevent the discrimination and harassment of Ms. Montes by failing to take any action for approximately seven months after Ms. Montes made her complaint.

**SIXTH CLAIM FOR RELIEF**
Intentional Infliction of Emotional Distress
(Against all defendants)

54. Ms. Montes refers to and incorporates by reference paragraphs 1-53 above as though fully set forth herein.

55. By virtue of the foregoing, defendants committed outrageous conduct in the course of the harassment of Ms. Montes with the intent to cause or with the reckless probability that Ms. Montes would suffer emotional distress, and because of this conduct Ms. Montes did suffer emotional distress.

# DAMAGES

56. As a result of the actions of defendant and their agents and employees, Montes has been injured and has suffered as follows:

   a. She has lost compensation for which she would have been entitled;

   b. She has suffered from emotional distress, embarrassment, and humiliation, and;

   c. Her prospects for career advancement have been diminished.

WHEREFORE, plaintiff SUZANNE MONTES requests that this Court grant her relief as follows:

(1) Compensatory damages including future wages, and lost or diminished employee benefits, according to proof;

(2) Damages for mental and emotional distress, damage to reputation, and humiliation;

(3) Attorneys' fees;

(4) Costs of suit; and

(5) Such other and further relief as the Court may deem proper.

Plaintiff demands trial by jury on the claims set forth above.

Dated: May 22, 2017                SIEGEL & YEE

                                   By: /s/ *Kevin Brunner*
                                       Kevin Brunner

                                   Attorneys for Plaintiff
                                   SUZANNE MONTES

---

*Montes v. City and County of San Francisco*
Complaint for Damages- 11